United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 12-18252-amc
Robert S. Bowen                                                 Chapter 13
Agnes P. Bowen
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 1             Date Rcvd: Dec 22, 2017
                              Form ID: 3180W           Total Noticed: 13
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 24, 2017.
db/jdb         +Robert S. Bowen,    Agnes P. Bowen,    301 West Market Street,    Apt. 5,
                 Perkasie, PA 18944-4801
13371950       +Diana M. Dixon, Esq.,    107 N. Broad Street,    Suite 307,    Doylestown, PA 18901-3755
12859583        FIA CARD SERVICES, N.A.,    4161 Piedmont Parkway,    NC4 105 03 14,    Greensboro, NC 27410
12862015        Marine Federal Credit Union,    PO Box 1336,    Jacksonville NC 28541-1336

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Dec 23 2017 00:42:25      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 23 2017 00:41:52
                 Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 23 2017 00:42:22      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13227460        EDI: BANKAMER.COM Dec 23 2017 00:43:00      Bank of America,   4161 Piedmont Parkway,
                 Greensboro, NC 27410
12875656        E-mail/Text: bankruptcy@bbandt.com Dec 23 2017 00:41:45      Branch Banking & Trust Company,
                 PO Box 1847,   Wilson NC 27894
12868087        EDI: CAPITALONE.COM Dec 23 2017 00:43:00      Capital One, N.A.,   PO Box 71083,
                 Charlotte, NC  28272-1083
12846634       +EDI: IRS.COM Dec 23 2017 00:43:00      IRS,   PO Box 7346,   Philadelphia, PA 19101-7346
12937589        EDI: PRA.COM Dec 23 2017 00:43:00      Portfolio Recovery Associates, LLC,   POB 41067,
                 Norfolk VA 23541
13003661       +EDI: WFFC.COM Dec 23 2017 00:43:00      Wells Fargo Bank, N.A.,
                 Attention: Bankruptcy Department,    MAC # D3347-014,   3476 Stateview Boulevard,
                 Fort Mill, Sc 29715-7203
                                                                                               TOTAL: 9

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 24, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 21, 2017 at the address(es) listed below:
              ANDREW   SPIVACK    on behalf of Creditor    WELLS FARGO BANK, N.A. paeb@fedphe.com
              ANDREW F GORNALL    on behalf of Creditor    BANK OF AMERICA, N.A. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              DIANA M. DIXON    on behalf of Debtor Robert S. Bowen dianamdixonesq@gmail.com
              DIANA M. DIXON    on behalf of Joint Debtor Agnes P. Bowen dianamdixonesq@gmail.com
              LOUIS P. VITTI    on behalf of Creditor    Marine Federal Credit Union jennifer@vittilaw.com,
               tiffany@vittilaw.com
              THOMAS I. PULEO    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                               TOTAL: 8
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Robert S. Bowen** | Social Security number or ITIN  xxx–xx–8811 |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Agnes P. Bowen** | Social Security number or ITIN  xxx–xx–7080 |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **12–18252–amc** | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Robert S. Bowen                              Agnes P. Bowen

12/21/17                                     **By the court:**    <u>Ashely M. Chan</u>
                                                                   United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**